[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by decree of this court dated CT Page 4775 September 1, 1995, at which time the Separation Agreement of even date therewith was incorporated by reference. For purposes of the present post-judgment action, the relevant portion of the court order is contained in Article 4.2 of the Separation Agreement. In short, that article provides that the husband is responsible for the payment of all unreimbursed medical expenses for the minor children, including orthodontia, until such time as the wife's annual earnings exceeded $20,000. In that event, such expenses were to be shared equally by the parties. At issue, is a claim by the wife that the husband has failed to pay approximately $15,000 in unreimbursed medical expenses for the children for the period October 18, 1997 through June 15, 2001. The wife seeks to have the court find the husband in contempt. (Motion #202). The parties have returned to court on numerous occasions since the entry of the initial decree, most often at the behest of the wife to enforce the financial orders. The court heard the parties over the course of two days.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-84, 46b-87, 46b-87a, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, and Sections 25-27 through 25-30 of the Connecticut Practice Book, hereby makes the following findings:
1. That for the period October 18, 1997 through June 15, 2001, based upon the evidence presented, the wife incurred and/or paid on behalf of the minor children medical expenses in the amount of $14,497.28 which sum represents that portion of the medical bills not covered by health insurance.
2. That no credible evidence was presented to the court that at any time during said period the wife earned in excess of $20,000 per annum; and that therefore the husband is solely responsible for the entire amount of said expenses pursuant to the order of this court dated September 1, 1995.
3. That the husband has failed and neglected to pay said sums.
4. That the evidence established that communication by and between the parties is so poor so as to be virtually nonexistent; that the wife concealed her residence for a significant period following the initial decree; that the wife did not always provide the husband with a timely demand for the payment of some medical bills; that the husband disputes some but not all of said bills; that during the period in question, the CT Page 4776 husband has made no effort to pay any medical bills.
5. That the husband's failure to pay the medical bills in accordance with the orders of this court was wilful and he is in breach of the orders of this court, in particular, the terms of Article 4.2 of the Separation Agreement of the parties which was incorporated in the decree; that the inability of both parties to communicate, and in particular, the wife's failure to present the bills to the husband in a timely fashion were significant factors taken into consideration by the court; and that it is equitable and appropriate not to make a finding of contempt.
6. That there exists an arrearage in the amount of $14,497.28.
7. That Article 7.2 of the Separation Agreement of the parties dated September 1, 1995, provides that in the event that it is determined by a court that a party is in default or has breached the terms of said agreement, that party shall be liable for the attorneys fees of the other party seeking to enforce the terms thereof; that the measure of attorneys fees shall be "the actual fees incurred by the party seeking redress" and that the attorney for the wife should be given an opportunity to present satisfactory evidence to the court as to the actual fees incurred herein; and that said award can be made without regard to the financial abilities of the respective pates. Goold v. Goold, 11 Conn. App. 268,288-89 (1987).
 ORDER
IT IS HEREBY ORDERED THAT the plaintiffs Motion for Contempt (#202) dated August 20, 2001, is HEREBY GRANTED IN PART and DENIED IN PART. Commencing May 1, 2002, and monthly thereafter, the defendant shall pay to the plaintiff the sum of $350.00 until such time as the arrearage in the amount of $14,497.28 is paid in full. In addition, the court hereby reserves jurisdiction to determine the amount reasonable attorney fees to be paid by the defendant in accordance with the existing orders of this court as set forth in Article 7.2 of the Separation Agreement of the parties dated September 1, 1995.
THE COURT
SHAY, J.